UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANE C. WEIMER,<br><br>              Petitioner,<br><br>v.<br><br>STATE OF IDAHO; ADA COUNTY PUBLIC DEFENDERS; ADA COUNTY PROSECUTORS; and BOISE, IDAHO, POLICE DEPARTMENT,<br><br>              Respondents. | Case No. 1:17-cv-00002-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Shane C. Weimer ("Petitioner"), challenging Petitioner's Ada County convictions of driving under the influence ("DUI") and eluding an officer. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that all of Petitioner's claims are procedurally defaulted and are barred by the one-year statute of limitations. (Dkt. 10.) Petitioner has not responded to the Motion, which is now ripe for adjudication

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 9.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs

and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case with prejudice.

## BACKGROUND

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner pleaded guilty to misdemeanor DUI and felony eluding an officer. (State's Lodging A-1 at 68.) In exchange for Petitioner's guilty plea, the state dismissed other charges. (*Id*. at 41-43, 68-80.) The trial court imposed a unified sentence of five years in prison with two years fixed on the felony eluding charge, suspended the sentence, and placed Petitioner on probation for five years.[1] (*Id*. at 88-93.) Petitioner did not file a direct appeal from the judgment.

A few weeks after the judgment was entered, Petitioner was charged with multiple probation violations. (*Id.* at 103-112.) He admitted one of the violations and was reinstated to probation. (*Id*. at 139-42.) Petitioner did not appeal the violation proceeding.

Less than four months after his probation was reinstated, Petitioner was charged with two more probation violations. (*Id*. at 145-61, 167-68.) Petitioner admitted to one of the violations, and the trial court again reinstated probation. (State's Lodging A-1 at 195-99.) Petitioner did not appeal this second probation violation proceeding.

Petitioner then filed a motion for reduction of sentence under Idaho Criminal Rule 35. (*Id*. at 202-05.) The motion was denied, and Petitioner did not appeal. (*Id*. at 224-26.)

---

[1] Petitioner was sentenced to time served on the misdemeanor DUI charge.

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner was again charged with violating his probation. This time, the trial court revoked Petitioner's probation, but placed Petitioner on a rider and retained jurisdiction. (*Id.* at 245-50, 271-72.) Petitioner filed a notice of appeal. (*Id.* at 277-79.) The trial court eventually relinquished jurisdiction and ordered execution of the underlying sentence, and Petitioner filed a second notice of appeal. (State's Lodging A-5 at 117-22.)

Petitioner's appeal was initially stayed because Petitioner had filed, in the trial court, a motion to withdraw his guilty plea. However, upon agreement of the parties, the trial court later stayed its proceedings pending completion of the appeal, and the appeal proceeded. (*Id.* at 240-42; State's Lodging B-2, B-5, B-9.)

The only claim Petitioner raised on appeal was that the trial court abused its discretion, under Idaho law, by relinquishing jurisdiction and ordering execution of the underlying sentence. (State's Lodging B-10.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-13, B-15.)

Back in the trial court, Petitioner eventually moved to dismiss all of his pending motions, for "personal reasons." (State's Lodging A-5 at 448.) The trial court granted the motions. (*Id.* at 445.) Petitioner did not appeal.

Petitioner then filed a state petition for post-conviction relief, which included a supplemental petition and numerous other documents. (State's Lodging C-1 at 1-36.) Petitioner later sought voluntary dismissal of the petition, and this request was granted. (*Id.* at 73-78.) Petitioner did not appeal.

In the instant federal habeas corpus petition, Petitioner asserts the following claims: (1) actual innocence; (2) ineffective assistance of counsel; (3) prosecutorial

**MEMORANDUM DECISION AND ORDER - 3**

misconduct; and (4) a due process or "probable cause" violation regarding a witness's statements or testimony. (Dkt. 3.)

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 7 at 2-3 (footnote omitted).)

## DISCUSSION

**1.  Review of Initial Review Order**

In March 2017, United States Magistrate Judge Ronald E. Bush reviewed the Petition pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") and determined that the only proper Respondent in this action was the State of Idaho. (Initial Review Order, Dkt. 7, at 3.) The case has since been reassigned to the undersigned. This Court has independently reviewed Judge Bush's Initial Review Order and, although that review has been de novo, agrees with Judge Bush's conclusion that the Ada County Public Defenders, the Ada County Prosecutors, and the Boise Police Department are not proper respondents in this case.

**2.  Respondent's Motion for Summary Dismissal**

The Habeas Rules authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*,

**MEMORANDUM DECISION AND ORDER - 4**

451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are procedurally defaulted and that no legal excuse for the default exists. For the reasons that follow, the Court agrees.[2]

### A. Standards of Law

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise

---

[2] The Court need not address Respondent's argument that the Petition is untimely.

**MEMORANDUM DECISION AND ORDER - 5**

insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is procedurally defaulted, a federal court can only hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman*, 501 U.S. at 731, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

### B. Petitioner's Claims Are Subject to Dismissal as Procedurally Defaulted

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

Petitioner filed only one appeal in his criminal case—the appeal from the trial court's orders revoking probation and relinquishing jurisdiction. And in that appeal, he argued only that the trial court abused its discretion under Idaho law. This claim is not asserted in the Petition. Further, even if such a claim were included in the Petition, it would be subject to dismissal as noncognizable because it is not based on federal law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

Petitioner did not present any of his current habeas claims to the Idaho appellate courts and, because it is now too late to do so, those claims are procedurally defaulted. Because Petitioner has not asserted cause and prejudice or actual innocence to excuse that default, all of Petitioner's claims are subject to dismissal.

## CONCLUSION

For the foregoing reasons, the Court must dismiss the Petition with prejudice.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 10) is GRANTED, and the Petition is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: January 4, 2018

_____
B. Lynn Winmill
Chief Judge
United States District Court